**Samuel SHIPKOVITZ, Appellant**

v.

**The WASHINGTON POST COMPANY, et al., Appellees.**

No. 08–7126.

United States Court of Appeals, District of Columbia Circuit.

Oct. 22, 2010.

Rehearing En Banc Denied Nov. 23, 2010.

Samuel Shipkovitz, Arlington, VA, pro se.

Kevin Taylor Baine, Williams & Connolly LLP, Washington, DC, for Appellees.

Before: SENTELLE, Chief Judge, GRIFFITH, Circuit Judge, and SILBERMAN, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was considered on the record and on the briefs of counsel. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. RULE 34(j). This court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. RULE 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Appellant Samuel Shipkovitz filed suit in the district court alleging that two *Washington Post* articles had libeled him. The articles, dated June 18, 2006, and July 27, 2006, described Arlington County's decision to condemn the condominium where Shipkovitz lived because his extensive accumulation of personal property rendered the premises uninhabitable. The articles also described Shipkovitz's lawsuit challenging the condemnation, the efforts of Arlington County's Working Group on Hoarding, and compulsive hoarding generally. Shipkovitz identified numerous allegedly defamatory statements in the articles, including statements about his work history, the disposition of his suit against Arlington County, the condition of the condominium, and research on the potential link between hoarding and mental illness. The district court granted the *Post's* motion for summary judgment. Because we conclude that each of the challenged statements was either substantially true or nondefamatory, we affirm the judgment of the district court.

Under District of Columbia law, a plaintiff claiming defamation must prove that a statement was both false and defamatory. *Mastro v. Potomac Elec. Power Co.,* 447 F.3d 843, 858 (D.C.Cir.2006). A false statement contains more than "[m]inor inaccuracies." *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 517, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991). Rather, a false statement "ha[s] a different effect on the mind of the reader from that which the pleaded truth would have produced." *Id.*

(quoting ROBERT D. SACK, LIBEL, SLANDER, AND RELATED PROBLEMS 138 (1980)) (internal quotation mark omitted). A defamatory statement is "more than unpleasant or offensive; the language must make the plaintiff appear 'odious, infamous, or ridiculous.'" *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 627 (D.C.Cir.2001) (quoting *Howard Univ. v. Best*, 484 A.2d 958, 989 (D.C.1984)) (internal quotation mark omitted). "Substantial truth" is generally a defense. *Moldea v. N.Y. Times Co.*, 15 F.3d 1137, 1150 (D.C.Cir.1994).

Viewed in the light most favorable to Shipkovitz, each of the challenged statements was either substantially true or nondefamatory. The articles accurately described the condition of Shipkovitz's condominium and the disposition of his suit against Arlington County. The record also supports the *Post's* statement about Shipkovitz's "sporadic[ ]" work history. Arguable inaccuracies about the format of Shipkovitz's court filings and the removal of Shipkovitz's property from the condominium are minor and immaterial. The article's discussion of research on the potential link between hoarding and mental illness does not imply that Shipkovitz is himself mentally ill. Accordingly, we affirm the district court's grant of summary judgment for the *Post. See* FED.R.CIV.P. 56(c) (summary judgment appropriate where "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law").

The district court alternatively concluded that the fair report privilege shields the *Post* articles. Because we conclude that the articles were not libelous, our disposition in this case does not turn on the fair report privilege. We observe, however, that to the extent the district court concluded that the fair report privilege shields *all* of the *Post* articles' contents, our precedents do not support this conclusion. District of Columbia law recognizes a common law privilege for "fair and accurate" news reports of "any official proceeding, or any action taken by any officer or agency of government." *White v. Fraternal Order of Police*, 909 F.2d 512, 527 (D.C.Cir.1990) (quoting RESTATEMENT (SECOND) OF TORTS § 611 cmt. d (1977)) (internal quotation mark omitted). The privilege, however, is "only available to ... news reports [that] are presented in such a manner that the average reader would be likely to understand the communication to be a report on—or summary of—an official document or proceeding." *Id.*

Here, the June 18, 2006, *Post* article does more than merely summarize government action. The article's description of Shipkovitz's work history is not a summary of an official proceeding, nor is its discussion of research on the potential link between hoarding and mental illness. Although the fair report privilege does not distinguish "between a report about an official proceeding and that which, for all purposes, is the subject matter of the proceeding," *White*, 909 F.2d at 527, neither of these topics was the subject of Arlington County's actions against Shipkovitz. Thus, even if the article's descriptions of the condominium might be privileged, the descriptions of Shipkovitz's work history and of research on the potential link between hoarding and mental illness are not. *See Dameron v. Wash. Magazine, Inc.*, 779 F.2d 736, 740 (D.C.Cir.1985) (rejecting fair report privilege where "nothing in the article gives the reader any reason to believe that the allegedly defamatory statement is intended as a summary of an NTSB finding"). But because we conclude that the *Post* articles were not libelous, any error by the district court as to the fair report privilege does not affect our disposition in this case.

Finally, we reject Shipkovitz's argument that the district court abused its discretion by denying discovery. The district court reasonably concluded that discovery would serve no purpose.

The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).